IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAYNE HAIRE                                                                                                   PLAINTIFF

v.                      CIVIL NO. 5:17-CV-5083

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Layne Haire, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on April 4, 2014, alleging an inability to work since June 1, 2013,[2] due to fibromyalgia, osteoarthritis, anxiety, depression, stress, low back pain, high blood pressure, and sleep apnea. (Tr. 76, 94-95). For DIB purposes, Plaintiff maintained insured status through December 31, 2018. (Tr. 76, 94). An administrative hearing was held on October 23, 2015, at which Plaintiff and a vocational expert testified. (Tr. 37-74).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the October 23, 2015, hearing before the ALJ, Plaintiff amended his alleged onset date from July 8, 2008, to June 1, 2013. (Tr. 40).

1

By written decision dated January 1, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of osteoarthritis of the knees, shoulders, and wrists; obesity; fibromyalgia; hypertension; major depression; and anxiety disorder. (Tr. 20). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), except that Plaintiff would need a job involving simple tasks and simple instructions with only incidental contact with the public. (Tr. 22-27). While Plaintiff was unable to perform any past relevant work, with the help of a vocational expert (VE), the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as small products assembler and document preparer. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 19, 2017. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 30th day of August, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE